IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00584-PAB

ROSEMARIE A. HERMAN and ARIEL E. BELEN, as Trustees of the Trust Created by Harold Herman on March 1, 1990, and
ARIEL E. BELEN, as Temporary Trustee of the Trust Created by Rosemarie A. Herman Dated November 27, 1991,

    Plaintiffs,

v.

PBIA & CO. and
JULIAN MAURICE HERMAN, individually and as Trustee of the J. Maurice Herman Revocable Trust U/T/A Dated October 29, 2002,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the parties' citizenship.

Defendants contend that the parties are completely diverse because plaintiffs Rosemarie Herman and Ariel Belen are residents of New York, defendant Julian Herman is a resident of Florida, and defendant PBIA & Co. is a "Delaware entity." Docket No. 1 at 2, ¶¶ 4-7. These allegations are deficient for two reasons. First, the residency of the parties does not establish their citizenship for purposes of diversity jurisdiction. Domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere

2

'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Second, defendants do not specify what type of entity PBIA & Co. is. This information is critical to the Court's jurisdictional analysis because, while a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), the citizenship of other business entities is determined differently. For example, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).[1]

Because defendants' allegations are presently insufficient to allow the Court to determine the citizenship of the parties or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

**ORDERED** that, on or before **5:00 p.m.** on **April 26, 2019**, defendants shall show cause why this case should not be remanded to state court due to the Court's

---

[1] Even assuming PBIA & Co. is a corporation, defendants have not alleged its state of incorporation or principal place of business. Defendants' allegation that PBIA & Co. is a "Delaware entity" is insufficient.

lack of subject matter jurisdiction.

DATED April 15, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge